IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RAMPART CROSSING CONDOMINIUMS §<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>NATIONWIDE MUTUAL FIRE INSURANCE §<br>COMPANY AND JEFFREY S. BOYERS §<br>*Defendants.* § | CIVIL ACTION NO. 5:16-cv-1253 |

## NOTICE OF REMOVAL

Defendant Nationwide Mutual Fire Insurance Company ("Nationwide"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Rampart Crossing Condominiums v. Nationwide Mutual Fire Insurance Company and Jeffrey S. Boyers*; Cause No. 2016-CI-19496, in the 408th Judicial District of Bexar County, Texas.

## I.
## BACKGROUND

1. Plaintiff Rampart Crossing Condominiums (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 2016-CI-19496, in the 408th Judicial District of Bexar County, Texas on November 8, 2016 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2. Nationwide appeared and answered on December 9, 2016, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Nationwide's Original Answer, attached as **Exhibit B**.

3. Defendant Jeffrey S. Boyers ("Boyers") has not been served with process and has not made an appearance in this case. However, Boyers consents to this removal. *See* Declaration of Jeffrey S. Boyers, attached as **Exhibit C**.

4. Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served upon Nationwide in the State Court Action are incorporated in **Exhibit A**.

5. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Nationwide will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 408th Judicial District Court of Bexar County, Texas.

6. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Nationwide of Plaintiff's Original Petition and less than one year after the commencement of this action.

7. All defendants consent to removal of this action.

## II.
## JURISDICTION

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.   Diversity of Parties**

9. Plaintiff is organized under the laws of Texas and maintains its principal place of business in Texas. *See* **Exhibit A**, ¶ 1. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Plaintiff is a citizen of the State of Texas.

10. Defendant Nationwide Mutual Fire Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State Ohio.

11. Defendant Jeffrey S. Boyers is domiciled in Marion County, West Virginia. *See* **Exhibit C**. Pursuant to 28 U.S.C. § 1332(a), therefore, Boyers is a citizen of the State of West Virginia. Plaintiff has incorrectly alleged that Boyers is "residing in the State of Texas . . . " *See* **Exhibit A**, ¶ 3. However, Plaintiff makes no allegation regarding the citizenship of Boyers, which is controlled by where he maintains a domicile.[1] To the extent such an allegation of citizenship is implied, such allegation would then be a fraudulent allegation of jurisdictional fact and Boyers' joinder would be improper.[2]

12. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

B. **Amount in Controversy**

13. Plaintiff's Original Petition states that Plaintiff currently seeks "monetary relief over $200,000 but not more than $1,000,000." *See* Plaintiff's Original Petition, **Exhibit A**, ¶ 5. The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

14. Plaintiff further seeks compensation for (1) actual damages, (2) treble damages, (3) 18% penalty interest, (6) pre and post-judgment interest, and (7) attorney's fees. *See* **Exhibit A, ¶¶ 5, 21, 27, 32 and § IX** . Plaintiff has alleged wrongful and knowingly conduct, entitling it to a

---

[1] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (for diversity purposes, citizenship means domicile; mere residence in the State is not sufficient).

[2] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 205 (5th Cir. 2016) (recounting the two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court.)

trebling of actual damages under Texas Insurance Code Chapter 541.  *See* **Exhibit A,** ¶ 27; Tex. Ins. Code sections 541.002 & 541.152.  Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[3]

15. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs.  *See* **Exhibit A**.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

16. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

17. WHEREFORE, Defendant Nationwide Mutual Fire Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
Telephone:  (512) 476-7834
Facsimile:   (512) 476-7832

**ATTORNEYS FOR DEFENDANT NATIONWIDE MUTUAL FIRE INSURANCE COMPANY**

---

[3] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail, return receipt requested on this the 12th day of December, 2016.

Marc K. Whyte                                                                      ***7196 9008 9111 1861 7083***
Whyte PLLC
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
mwhyte@whytepllc.com
jsaenz@whytepllc.com

                                        */s/ Patrick M. Kemp*
                                        Patrick M. Kemp