# Exhibit A



**CORPORATION SERVICE COMPANY**

null / ALL
**Transmittal Number: 15877414**
**Date Processed: 11/16/2016**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Kevin Jones<br>Rebecca Lewis<br>Cassandra Struble |

| | |
|---|---|
| **Entity:** | Nationwide Mutual Fire Insurance Company<br>Entity ID Number  3277044 |
| **Entity Served:** | Nationwide Mutual Fire Insurance Company |
| **Title of Action:** | Rampart Crossing Condominiums vs. Nationwide Mutual Fire Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bexar County District Court, Texas |
| **Case/Reference No:** | 2016-CI-19496 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 11/16/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Whyte PLLC<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscglobal.com

CERTIFIED MAIL #7015166000004382667B  **Case Number: 2016-CI-19496**

**RAMPART CROSSING CONDOMINIUMS**

*Plaintiff*

**vs.**

**NATIONWIDE MUTUAL FIRE INSURANCE COMPAN**

*Defendant*                                                    **CITATION**

(Note: Attached document may contain additional litigants).

**"THE STATE OF TEXAS"**

**DIRECTED TO:** NATIONWIDE MUTUAL FIRE INSURANCE COMPANY

2016CI19496  S00001

IN THE DISTRICT COURT
408th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 E 7TH STREET STE 620
AUSTIN TX 75701

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 8th day of November, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 9TH DAY OF NOVEMBER A.D., 2016.

PETITION

MARC K WHYTE
ATTORNEY FOR PLAINTIFF
1045 CHEEVER BLVD 103
SAN ANTONIO, TX 78217-6339



**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Debra Cantu,* Deputy

---

Officer's Return

Came to hand on the  9th  day of November 2016, A.D., at  2:30 o'clock P.M. and EXECUTED (NOT EXECUTED) by  CERTIFIED MAIL, on the _____ day of _____, A.D., 20___, by delivering to _____ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PETITION

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Debra Cantu,* Deputy

ORIGINAL (DK003)

2 cits cml/sac2

FILED
11/8/2016 3:46:44 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Laura Rodriguez

CAUSE **2016CI19496**

| | | |
|---|---|---|
| RAMPART CROSSING CONDOMINIUMS | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | **408th** JUDICIAL DISTRICT |
| | § | |
| NATIONWIDE MUTUAL FIRE INSURANCE | § | |
| COMPANY and | § | |
| JEFFREY S. BOYERS | § | |
| Defendants | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**RAMPART CROSSING CONDOMINIUMS**, Plaintiff herein, files this Original Petition against Defendants, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY ("NATIONWIDE") and JEFFREY S. BOYERS and, in support of Plaintiff's causes of action, would respectfully show the Court the following:

### I. THE PARTIES

1.     Plaintiff is a Texas resident who resides and conducts business in BEXAR County, Texas. Said properties are located at: 165 W. RAMPART DR., San Antonio, Texas 78216.

2.     **NATIONWIDE MUTUAL FIRE INSURANCE COMPANY** is a foreign corporation authorized to engage in the insurance business in the State of Texas, and may be served by serving its Registered Agent for Service of Process, **Corporation Service Company, 211 E. 7th Street, Suite 620; Austin, Texas 75701-3218**. Service is requested by certified mail, return receipt requested at this time.

1

3.     Defendant, **JEFFREY S. BOYERS**, is a licensed insurance adjuster residing in the State of Texas, and may be served with process of service by certified mail, return receipt requested, at: C/O JEFFREY S. BOYERS, One Nationwide Gateway Dept. 5572, Des Moines, IA 50391-5572.

## II. DISCOVERY

4.     This case is intended to be governed by Discovery Level 2.

## III. CLAIM FOR RELIEF

5.     The damages sought are within the jurisdictional limits of this court.  Plaintiff currently seeks monetary relief over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than $1,000,000.

## IV. JURISDICTION AND VENUE

6.     This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.      Venue is proper in BEXAR County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

2

## V. FACTUAL BACKGROUND

8.      Plaintiff is a named insured under a commercial property insurance policy issued by NATIONWIDE MUTUAL FIRE INSURANCE COMPANY.

9.      On or about APRIL 12, 2016, a storm hit the BEXAR County area, damaging Plaintiff's commercial property.  Plaintiff subsequently filed a claim on Plaintiff's insurance policy.

10.     Defendants improperly denied and/or underpaid the claim.

11.     JEFFREY S. BOYERS was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12.     JEFFREY S. BOYERS' unreasonable investigation led to the underpayment of Plaintiff's claim.

13.     Moreover, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY AND JEFFREY S. BOYERS performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI. CAUSES OF ACTION

14.     Each of the foregoing paragraphs is incorporated by reference in the following:

**I.     Breach of Contract (NATIONWIDE MUTUAL FIRE INSURANCE COMPANY Only)**

15.     NATIONWIDE MUTUAL FIRE INSURANCE COMPANY had a contract of insurance with Plaintiff.  NATIONWIDE MUTUAL FIRE INSURANCE COMPANY breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

3

16.     Specifically, JEFFREY S. BOYERS, Claim Professional for NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, undervalued damage to Plaintiff's property.

17.     As a result of JEFFREY S. BOYERS' material misrepresentation, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property.  Consequently, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

## II.     Prompt Payment of Claims Statute (NATIONWIDE MUTUAL FIRE INSURANCE COMPANY Only)

18.     The failure of NATIONWIDE MUTUAL FIRE INSURANCE COMPANY to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

19.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

20.     Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms Nationwide reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055; Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or Delaying payment of the Claim following Nationwide's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

21.     Specifically, the damage to Plaintiff's commercial property occurred as a result of a wind/hail storm that occurred on APRIL 12, 2016.  Accordingly, it has been well over sixty (60) days

4

since the date the damage occurred to the Plaintiff's commercial property (in accordance with Article 542.058 of the Texas Insurance Code), which, in turn, causes the Plaintiff to be entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**III.    Unfair Settlement Practices / Bad Faith (NATIONWIDE MUTUAL FIRE INSURANCE COMPANY AND JEFFREY S. BOYERS)**

    **A.    Actionable Conduct of Defendant (NATIONWIDE MUTUAL FIRE INSURANCE COMPANY)**

22.    Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

23.    Defendants violated § 541.051 of the Texas Insurance Code by:

    (1)    making statements misrepresenting the terms and/or benefits of the policy.

24.    Defendants violated § 541.060 by:

    (1)    misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    (2)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3    failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4)    failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    (5)    refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

25.    Defendants violated § 541.061 by:

    (1)    making an untrue statement of material fact;

5

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

26.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

**B.     Actionable Conduct of Defendant (JEFFREY S. BOYERS)**

27.     Defendant JEFFREY S. BOYERS, as a contractor and/or adjuster assigned by NATIONWIDE MUTUAL FIRE INSURANCE COMPANY to assist with adjusting the Claim. With regard to the adjuster Defendant named herein, Plaintiff alleges said adjuster made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered wind/hail peril. Said Defendant adjuster also misrepresented the true cost of repairing all of the damages caused by the storm, such as damages to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm. Consequently, Defendant significantly underpaid the claim to the detriment of the insured. The named Defendant adjuster acted with actual awareness that said Defendant adjuster was misrepresenting the true scope and cost of repair in the estimate the Defendant adjuster prepared.   Therefore, as an "Adjuster", the Defendant adjuster meets the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas Insurance Code. The Defendant adjuster misled Plaintiff. The acts and omissions of the Defendant adjuster violate 541 and §542 of the Texas Insurance Code, for which Plaintiff seeks damages.

6

28. Further, the above named adjuster in this litigation committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas; said named adjuster undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages. These actions on the part of this named adjuster resulted in underpayment to the Plaintiff, as well as delay in Plaintiff's ability to fully repair the insured property and business. The above named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. The named adjuster's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

29. As a result of JEFFREY S. BOYERS material misrepresentation, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property. Consequently, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

## IV. Breach of Duty of Good Faith and Fair Dealing Against NATIONWIDE MUTUAL FIRE INSURANCE COMPANY.

30. Defendant, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when NATIONWIDE knew or should have known liability was reasonably clear. Defendant, NATIONWIDE is therefore liable to Plaintiff.

7

## V.     Attorneys' Fees

31.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

32.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

33.     Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

### VII. CONDITIONS PRECEDENT

34.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

### VIII. DEMAND FOR JURY

35.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

### IX. DISCOVERY REQUESTS

36.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

37.     You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

8

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, Plaintiff recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show it be justly entitled.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103.
San Antonio, Texas 78217
Telephone:     (210) 562-2888
Telecopier:     (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____
MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

## PLAINTIFF' FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff(s) in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through his/her attorneys of record, Marc K. Whyte, WHYTE PLLC, 1045 Cheever Blvd., Suite 103, San Antonio, Texas 78217; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service to WHYTE PLLC. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

    a.    You know the response made was incorrect or incomplete when made; or

    b.    You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

### DEFINITIONS AND INSTRUCTIONS

A.    These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.    If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.    If you claim that any document which is required to be identified or produced by you in any response is privileged:

        1.  Identify the document's title and general subject matter;
        2.  State its date;

     3. Identify all persons who participated in its preparation;

     4. Identify the persons for whom it was prepared or to whom it was sent;

     5. State the nature of the privilege claimed; and

     6. State in detail each and every fact upon which you base your claim for privilege.

D. "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E. "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F. In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:

     1. His or her name;

     2. His or her last known business and residence address and telephone number; and

     3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G. If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H. "Plaintiff" and "Plaintiff" includes all Plaintiff, and refers to a single Plaintiff or multiple Plaintiff, if applicable.

I. "Property" means the property at issue in the lawsuit.

J. "Lawsuit" means this lawsuit.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:     (210) 562-2888
Facsimile:     (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____
     MARC K. WHYTE
     State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

12

## INTERROGATORIES TO DEFENDANT

1.  Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

    ANSWER:

2.  Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

    ANSWER:

3.  Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

    ANSWER:

4.  Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages? If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

    ANSWER:

5.  Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information? If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

    ANSWER:

6.  At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

    ANSWER:

7.  Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

    ANSWER:

13

8.   Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

   ANSWER:

9.   Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

   ANSWER:

10.   To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiff' claim, identify those modifications.

   ANSWER:

11.   State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

   ANSWER:

12.   Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

   ANSWER:

13.   To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

   ANSWER:

14.   To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

   ANSWER:

15.   To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

   ANSWER:

14

## REQUESTS FOR PRODUCTION TO DEFENDANT

1.    The following insurance documents issued for the Property as identified in the Petition: a. the policy at issue for the APRIL 12, 2016 as identified in the Petition; and b. the policy declarations page for the 3 years preceding the storm and any endorsements.

RESPONSE:

2.    Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:

3.    All documents relating to the condition or damages of the Property or any insurance claim on the Property.

RESPONSE:

4.    All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

5.    All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

RESPONSE:

6.    All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

RESPONSE:

7.    All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

8.      Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

        RESPONSE:


9.      A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

        RESPONSE:

10.     If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

        RESPONSE:


11.     All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

        RESPONSE:

12.     All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

        RESPONSE:

13.    All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the APRIL 12, 2016 claimed by Plaintiff(s).

    RESPONSE:


14.    All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff' claim.

    RESPONSE:


15.    The claim file related to the claim made the basis of this lawsuit, including all communications between Plaintiff and Defendant, and any of Defendant's agents.

    RESPONSE:

## FIRST SET OF REQUESTS FOR ADMISSIONS
## TO DEFENDANT

**REQUEST FOR ADMISSION NO. 1.**   Admit you committed statutory bad faith in adjusting
Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.**   Admit you committed common law bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3.**   Admit you breached the insurance agreement by failing to pay the full amount owed there under.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4.**   Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5.**   Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

RESPONSE:

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:    (210) 562-2888
Facsimile:    (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____
MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

19

## PLAINTIFF' REQUESTS FOR DISCLOSURE TO DEFENDANT

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within

fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-

(k), as described below:

(a)    the correct names of the parties to the lawsuits;

(b)    the name, address, and telephone number of any potential parties;

(c)    the legal theories and, in general, the factual basis of Plaintiff' claims;

(d)    the amount and any method of calculating economic damages;

(e)    the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)    for any testifying expert:

    (1)    the expert's name, address and telephone number;

    (2)    the subject matter on which the expert will testify;

    (3)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them, or if the expert is not retained by, employed, or otherwise subject to the control of Plaintiff, documents reflecting such information;

    (4)    if the expert is retained, employed by or otherwise subject to the control of Plaintiff:

        (A)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;

        (B)    the expert's current resume and bibliography;

(g)    any indemnity or insuring agreements;

(h)    any settlement agreements, described in Rule 192.3(g);

(i)    any witness statements, described in Rule 192.3(h);

(j)    all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)    all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

I.

In accordance with Texas Rule of Civil Procedure 194.3, please serve written responses

within fifty (50) days after service of this request.

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____  COURT *(FOR CLERK USE ONLY):* _____

STYLED: **RAMPART CROSSING CONDOMINIUMS** vs. **NATIONWIDE MUTUAL FIRE INSURANCE COMPANY AND JEFFREY S. BOYERS**

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Marc K. Whyte<br><br>Address: 1045 Cheever Blvd., Suite 103<br><br>City/State/Zip: San Antonio, TX 78217<br><br>Signature: *M. K. Whyte* | Email: mwhyte@whytepllc.com<br><br>Telephone: 210-562-2888<br><br>Fax: 210-562-2873<br><br>State Bar No: 24056526 | Plaintiff(s)/Petitioner(s):<br><br>RAMPART CROSSING CONDOMINIUMS<br><br>Defendant(s)/Respondent(s):<br><br>NATIONWIDE MUTUAL FIRE INSURANCE COMPANY<br>JEFFREY S. BOYERS<br><br>[Attach additional page as necessary to list all parties] | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

#### Contract

**Debt/Contract**
- ☒ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

**Foreclosure**
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☒ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

#### Injury or Damage
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation

**Malpractice**
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability: _____
- ☐ Motor Vehicle Accident
- ☐ Premises

**Product Liability**
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product: _____

- ☐ Other Injury or Damage: _____

#### Real Property
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property: _____

#### Related to Criminal Matters
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other: _____

### Family Law

#### Marriage Relationship
- ☐ Annulment
- ☐ Declare Marriage Void

**Divorce**
- ☐ With Children
- ☐ No Children

#### Other Family Law
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other: _____

#### Post-judgment Actions (non-Title IV-D)
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

#### Title IV-D
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

#### Parent-Child Relationship
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Paternity/Parentage
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

#### Employment
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

#### Other Civil
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other: _____

#### Tax
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other: _____

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

**DONNA KAY MᶜKINNEY**
BEXAR COUNTY DISTRICT CLERK
PAUL ELIZONDO TOWER
101 W. NUEVA ST., SUITE 217
SAN ANTONIO, TX 78205-3411

*RETURN SERVICE REQUESTED*

FIRST-CLASS MAIL

7015 1660 0000 4382 6678

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY
C/O CORPORATION SERVICE COMPANY
211 E 7TH STREET STE 620
AUSTIN, TX 75701

2016CI19496 11/9/2016 CITCM DEBRA CANTU